**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018[*]
Decided May 3, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3330

| | |
|---|---|
| SHANE ALLEN KITTERMAN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 17-cv-733-MJR |
| TRACIE NEWTON, et al.,<br>    *Defendants-Appellees*. | Michael J. Reagan,<br>*Chief Judge*. |

## O R D E R

Shane Kitterman, an Illinois prisoner, appeals the dismissal at screening of his suit under 42 U.S.C. § 1983 alleging that police officers violated his due-process rights by manipulating his sex-offender registration records, extending his registration term, and denying him a hearing on his duty to register. Because these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), we affirm the district court's judgment.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Kitterman alleges that he has been wrongly imprisoned for failing to register as a sex offender; he believes that he was not under any duty to do so. As he set forth in his complaint, he pleaded guilty in 1996 to aggravated criminal sexual assault of a minor, with the understanding that his plea agreement required him to register as a sex offender only during his term of intensive probation, which ended in March 1997. But the following year, his name remained on the state's list of required registrants, he says, because Defendant Tracie Newton (an officer in the Sex Offender Registration Unit of the Illinois State Police) deliberately manipulated his information in the registry. Kitterman's attempts to correct the error with the state police were unsuccessful. He says that he has submitted over 200 requests for a hearing. Even though the police maintain that he had a ten-year registration requirement that has been administratively extended several times for failing to register or registering late, Kitterman discounts those explanations as pretext. He insists that he remains on the list of sex offenders only because Newton falsely recorded his obligations. Kitterman also faults Newton's supervisor, Leo Schmitz, for failing to intervene, and he accuses a prosecutor, other registration officials, and police officers from the cities of Belleville and O'Fallon of participating in a conspiracy to infringe upon his rights.

The district judge screened Kitterman's complaint, *see* 28 U.S.C. § 1915A, and dismissed it without prejudice because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* claims for constitutional violations under § 1983 are unavailable to prisoners if those claims necessarily imply the invalidity of a conviction or sentence. *Id.* at 486–87. The district judge explained that any ruling that defendants violated Kitterman's constitutional rights by wrongly extending and enforcing his registration requirement would necessarily imply that he should not have been convicted and imprisoned for failing to register.

In a motion for reconsideration, Kitterman disputed whether *Heck* applied to his claims, and the judge denied the motion. The judge concluded that his original decision was correct and alternatively that, even if *Heck* did not apply, Kitterman would not prevail on the merits because he had not shown a denial of due process. The judge found Kitterman's argument on the merits case "undeniably comparable" to *Murphy v. Rychlowski*, 868 F.3d 561 (7th Cir. 2017), in which we concluded that no hearing is required when an individual has been required to register as a sex offender as a result of a criminal adjudication, and when that individual is able to contact the police to dispute the registration requirements. *Id.* at 567–68. The judge added that ordering a hearing on Kitterman's sex-offender registration requirement would be "nonsensical"

and a "waste of government resources" because at the time of the decision, the state judiciary was adjudicating the duration of his registration requirement in his appeal of his conviction.

On appeal Kitterman clarifies that the "district court has misconstrued the relief" he seeks—he requests only a hearing. Because the remedy he seeks is procedural, Kitterman argues that he is entitled to an exception contemplated in *Heck* that challenges to "wrong procedures" are not barred because the process sought does not necessarily imply the invalidity of a current conviction or sentence. 512 U.S. at 483; *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

Kitterman may be asking only for a hearing, but his claim fails because he maintains that he is innocent. He says that he needs a hearing because it will reveal that, when he was arrested and convicted for failing to register, "more than 6 years" had passed since he was subject to any registration requirement. And that contention is inconsistent with his conviction, so his claim is barred. *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003); *see also Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008). He may not proceed on this claim until his conviction for failing to register has been reversed or expunged. *Heck*, 512 U.S. at 486–87.

Kitterman also challenges the denial of his motion for reconsideration on grounds that *Murphy* is distinguishable, but we need not address this challenge because his claims are *Heck*-barred.

After Kitterman was granted leave to appeal in forma pauperis in this case, he incurred a third "strike" under the provisions of 28 U.S.C. § 1915(g). *Kitterman v. Norton*, 2018 WL 1240487 at *6 (S.D. Ill. Mar. 9, 2018) (finding failure to state a claim in another complaint regarding his sex-offender registration requirement). Accordingly, if Kitterman seeks to file any future civil action while he is a prisoner, he will no longer be eligible to pay a filing fee in installments using the in forma pauperis provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Kitterman cannot make the necessary showing of imminent physical danger, he shall be required to prepay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

AFFIRMED